2003 OK 108

## In re OKLAHOMA RULES GOVERNING DISCIPLINARY PROCEEDINGS [Rule 5.1–Form of Grievances and Request for Investigations.

### No. SCBD–4216.

Supreme Court of Oklahoma.

Dec. 9, 2003.

### *ORDER*

¶ 1 Upon Application by the Board of Governors of the Oklahoma Bar Association, the Court approves the proposed amendment to Rule 5.1 of the Oklahoma Rules Governing Disciplinary Proceedings attached hereto.

¶ 2 DONE BY ORDER OF SUPREME COURT IN CONFERENCE THIS 8th DAY OF December, 2003.

/s/ Ralph B. Hodges
¶ 3 RALPH B. HODGES, Acting Chief Justice

16. *Dowling v. Prado Verde Ranch, Inc.,* see note 2, supra; *Avard v. Leming,* see note 2, supra.

17. Rule 1.11(e)(1), Supreme Court Rules, 12 O.S. 2001, Ch. 15, App. 1, see note 3, supra.

¶ 4 OPALA, V.C.J., HODGES, LAVENDER, SUMMERS, BOUDREAU, WINCHESTER, JJ., Concur.

WATT, C.J., HARGRAVE, KAUGER, JJ., Dissent.

## Exhibit "A"

**RULE 5.1. FORM OF GRIEVANCES, REQUESTS FOR INVESTIGATIONS, *AND REFERRALS INTO DIVERSION PROGRAM***

(c) *In a matter involving lesser misconduct, as defined in Rule 5.1(d), prior to the filing of formal charges, the Office of General Counsel may refer the respondent to the diversionary program. Such program may include, but is not limited to, law office management assistance, Lawyers Helping Lawyers, psychological counseling, continuing legal education programs, and professional responsibility classes. Before referring the respondent to the diversionary program, the Office of General Counsel shall consider the following criteria:*

*(1) the nature of the misconduct alleged,*

*(2) whether the misconduct alleged appears to be an isolated event,*

*(3) whether participation in the diversionary program could benefit the respondent, and*

*(4) whether participation in the diversionary program might jeopardize protection of the public.*

(d) *Lesser misconduct is misconduct that does not warrant a sanction restricting the respondent's license to practice law. The misconduct alleged shall not be considered lesser misconduct if any of the following considerations apply:*

*(1) the misconduct involved the misappropriation of funds;*

*(2) the misconduct resulted in or is likely to result in substantial prejudice to a client or other person;*

*(3) the respondent has been publicly disciplined in the last three years;*

*(4) the misconduct is of the same nature as misconduct for which the respondent has been disciplined in the last five years;*

*(5) the misconduct involved dishonesty, deceit, fraud or misrepresentation by the respondent; or*

*(6) the misconduct constitutes a serious crime (any felony or lesser crime that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects).*

(e) *The Office of General Counsel and the respondent shall negotiate a contract, the terms of which shall be tailored to the individual circumstances of the respondent and the misconduct alleged. In each case, the contract shall be signed by the respondent and the General Counsel, or the General Counsel's representative. The contract shall provide for oversight of all conditions attached to the diversion, and that the respondent shall pay all costs incurred by virtue of the diversion. The contract may be amended upon agreement of the parties.*

(f) *The contract shall include a specific acknowledgment that a material violation of a term of the contract renders voidable the respondent's participation in the program, and that an investigation of the misconduct alleged may then proceed or that the matter may then be forwarded to the Professional Responsibility Commission for its consideration, as provided in Rule 5.3, RGDP. A material violation of the contract shall be admissible as evidence in a subsequent disciplinary proceeding.*

(g) *If the contract requires a monitor, the respondent waives confidentiality to the extent that the monitor is required to make disclosures or reports to the office of General Counsel.*

(h) *The respondent has the right to not participate in the diversionary program. In that event, the matter shall proceed as though no offer of referral was extended.*

(i) *The complaining party will be advised that the respondent has been referred to a diversionary program.*

(j) *After the parties enter into the contract, the disciplinary matter shall be held in abeyance pending the respondent's successful completion of the terms of the contract. Successful completion of all terms of the*

*contract shall result in the disposition nego-*
*tiated in the contract.*